United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 24, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40072
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO ALBERTO BENAVIDES-ROLDAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-1626-2
--------------------

Before HIGGINBOTHAM, STEWART and OWEN Circuit Judges.

PER CURIAM:[*]

Mario Alberto Benavides-Roldan appeals from the denial of a motion to suppress following his conviction for transporting undocumented aliens within the United States for purpose of commercial advantage or private financial gain in violation of 8 U.S.C. § 1324 and 18 U.S.C. § 2. Benavides-Roldan argues that the Border Patrol agents lacked reasonable suspicion to stop the vehicle in which he was a passenger because the stop was based on unreliable information provided by an anonymous tipster.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A border patrol agent conducting a roving patrol may make a temporary investigative stop of a vehicle if the agent is aware of specific articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion that the vehicle's occupant is engaged in criminal activity.  United States v. Brignoni-Ponce, 422 U.S. 873, 884 (1975).  An anonymous tip can provide the necessary reasonable suspicion.  United States v. Ceniceros, 204 F.3d 581, 584 (5th Cir. 2000).  In determining whether a reasonable suspicion exists, the courts must look to the totality of the circumstances surrounding the stop.  United States v. Espinosa-Alvarado, 302 F.3d 304, 306 (5th Cir. 2002).

In light of our recent decision in United States v. Hernandez, 477 F.3d 210, 214-15 (5th Cir. 2007), and considering the totality of the circumstances in the light most favorable to the Government, we conclude that the district court committed no error in holding there was reasonable suspicion for the stop.  As in Hernandez, the events occurred in an area close to the border and a notorious alien smuggling route.  Moreover, the tip provided specific information regarding the vehicle and that description was validated when agents encountered the vehicle. Accordingly, the judgment of the district court is AFFIRMED.